Maria Z. Stearns (State Bar No. 230649)
mstearns@rutan.com
Kenneth J. Zielinski (State Bar No. 258555)
kzielinski@rutan.com
Emily P. Propersi (State Bar No. 360022)
epropersi@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA  92612
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Defendants
POINT B, INC. and JOEL BEHERNDT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFIFA AMOURI-NOUAILI,<br><br>        Plaintiff,<br><br>    vs.<br><br>POINT B, INC., JOEL BEHERNDT; and DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No.<br><br>[Los Angeles Superior Court Case No. 25STCV31796]<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT POINT B, INC. UNDER 28 U.S.C. §§ 1332, 1441 (a)-(b), AND 1446**<br><br>[Concurrently filed with Civil Cover Sheet; Certificate of Interested Parties; Corporate Disclosure; Defendant Joel Beherndt's Consent and Notice of Joinder and Joinder to Notice of Removal; and Declarations of Doug Thomas, Sondra Hibler, Joel Beherndt, and Emily Propersi] |

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26                    -1-                    NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

# TABLE OF CONTENTS

**Page**

I.  PROCEDURAL REQUIREMENTS & HISTORY ........................................1

II.  DIVERSITY JURISDICTION ...................................................................3

    A.  Legal Authority for Removal.............................................................3

    B.  There is Diversity of Citizenship .....................................................4

    C.  The Amount in Controversy Is Met..................................................4

III.  REMOVAL IS TIMELY ..........................................................................8

IV.  REMOVAL VENUE IS PROPER .............................................................9

V.  NO WAIVER OF DEFENSES .................................................................9

VI.  NOTICE OF REMOVAL TO STATE COURT ..........................................9

VII.  CONCLUSION .......................................................................................9

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26

-i-

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

# TABLE OF AUTHORITIES

**FEDERAL CASES**                                                                 **Page(s)**

*Bayol v. Zipcar, Inc.*,
   2015 U.S. Dist. LEXIS 109027 (N.D. Cal. 2015)...................................................7

*Chavez v. JPMorgan Chase & Co.*,
   888 F.3d 413 (9th Cir. 2018) ...................................................................................6

*Cuevas v. Lowes Home Ctrs., LLC*,
   No. CV 20-2755 PSG, 2020 WL 6439174 (C.D. Cal. Aug. 05, 2020)................6

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
   574 U.S. 81 (2014) ...................................................................................................5

*Emrich v. Touche Ross & Co.*,
   846 F.2d 1190 (9th Cir. 1988) .................................................................................8

*Fonseca v. Vigo Importing Co.*,
   2016 U.S. Dist. LEXIS 148457 (N.D. Cal. 2016) ..................................................7

*Garfias v. Team Indus. Servs.*,
   2017 U.S. Dist. LEXIS 167370 (C.D. Cal. 2017) ..................................................7

*Guglielmino v. McKee Foods Corp.*,
   506 F.3d 696 (9th Cir. 2007) ...................................................................................7

*Hertz Corp. v. Friend*,
   559 U.S. 77 (2010) ...................................................................................................4

*Korn v. Polo Ralph Lauren Corp.*,
   536 F.Supp.2d 1199 (E.D. Cal. 2008) .....................................................................5

*Kroske v. US Bank Corp.*,
   432 F.3d 976 (9th Cir. 2005) ...................................................................................6

*Lewis v. Verizon Communications, Inc.*,
   627 F.3d 395 (9th Cir. 2010) ...................................................................................5

*Muniz v. United Parcel Service, Inc.*,
   738 F.3d 214 (9th Cir. 2013) ...................................................................................7

*Newcombe v. Adolf Coors Co.*,
   157 F.3d 686 (9th Cir. 1998) ...................................................................................4

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26

-ii-

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

**Page(s)**

*Singer v. State Farm Mutual Automobile Ins. Co.*,
116 F.3d 373 (9th Cir. 1997) ................................................................5

**OTHER STATE CASES**

*Wysinger v. Auto. Club of S. Cal.*,
157 Cal. App. 4th 413 (2007) ...............................................................5

**FEDERAL STATUTES**

28 U.S.C.
section 1332 ...............................................................................4, 6, 8, 9
section 1332(a) ..........................................................................................4
section 1332(a)(1) .....................................................................................3
section 1441 ..............................................................................................8
section 1441(a) ......................................................................................3, 9
section 1441(b)(1) .....................................................................................4
section 1446(a) ..........................................................................................3
section 1446(b) ..........................................................................................8
section 1446(b)(2)(A) ...............................................................................8
section 1446(b)(2)(C) ...............................................................................8

**STATE STATUTES**

California Civil Procedure Code
section 415.30 ...........................................................................................3
section 417.10 ...........................................................................................3

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26

-iii-

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant Point B, Inc. ("Point B" or "Defendant") removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C. Sections 1332, 1441 (a)-(b), and 1446. Point B makes the following statements setting forth the grounds for removal:

## I.    PROCEDURAL REQUIREMENTS & HISTORY

1.    On October 30, 2025, Plaintiff Afifa Amouri-Nouaili ("**Amouri**" or "**Plaintiff**") filed a Complaint ("**Complaint**") against Point B and Joel Beherndt ("**Beherndt**") (collectively "**Defendants**")  in the Superior Court of the State of California for the County of Los Angeles (the "**Superior Court**") styled *Afifa Amouri-Nouaili v. Point B, Inc., Joel Beherndt; and Does 1 through 100, inclusive*, Case No. 25STCV31796 (the "**State Court Action**").  A true and correct copy of Plaintiff's Complaint is attached as **Exhibit 1**. (Propersi Decl., ¶ 2.)

2.    On October 30, 2025, Plaintiff filed a Civil Case Cover Sheet in the State Court Action.  A true and correct copy of the Civil Case Cover Sheet is attached as **Exhibit 2**.  (*Id.* ¶ 3.)

3.    On October 30, 2025, the Superior Court issued a Summons in the State Court Action.  A true and correct copy of the Summons is attached as **Exhibit 3**.  (*Id.* ¶ 4.)

4.    On October 30, 2025, the Superior Court issued an Alternative Dispute Resolution Packet.  A true and correct copy of the Alternative Dispute Resolution Packet is attached as **Exhibit 4**.  (*Id.* ¶ 5.)

5.    On November 3, 2025, the Superior Court issued a Notice of Case Assignment.  A true and correct copy of the Notice of Case Assignment is attached

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26                        -1-                    NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

as **Exhibit 5**. (*Id.* ¶ 6.)

6.     On November 4, 2025, the Superior Court issued a Notice of Case Management Conference. A true and correct copy of the Notice of Case Management Conference is attached as **Exhibit 6**. (*Id.* ¶ 7.)

7.     On November 4, 2025, the Superior Court issued a Clerk's Certificate of Service by Electronic Service. A true and correct copy of the Clerk's Certificate of Service by Electronic Service is attached as **Exhibit 7**. (*Id.* ¶ 8.)

8.     On November 6, 2025, Plaintiff filed a Peremptory Challenge to Judicial Officer. A true and correct copy of the Peremptory Challenge to Judicial Officer is attached as **Exhibit 8**. (*Id.* ¶ 9.)

9.     On November 6, 2025, the Superior Court issued a Minute Order granting Plaintiff's Peremptory Challenge to Judicial Officer and reassigned the case. A true and correct copy of the Minute Order is attached as **Exhibit 9**. (*Id.* ¶ 10.)

10.    On November 6, 2025, the Superior Court issued a Clerk's Certificate of Service by Electronic Service. A true and correct copy of the Clerk's Certificate of Service by Electronic Service is attached as **Exhibit 10**. (*Id.* ¶ 11.)

11.    On December 2, 2025, Plaintiff filed a Proof of Service by Mail as to Defendant Beherndt. A true and correct copy of the Proof of Service by Mail is attached as **Exhibit 11**. (*Id.* ¶ 12.)

12.    On December 2, 2025, Plaintiff filed an alleged Proof of Service by Substitute Service as to Defendant Point B. A true and correct copy of the alleged Proof of Service by Substituted Service is attached as **Exhibit 12**. (*Id.* ¶ 13.) Substitute service was not effectuated on Point B because, according to the POS filed by Plaintiff, Plaintiff served a California corporation, a company that Defendant Point B, a Washington Corporation, has no affiliation with. (Thomas Decl., ¶¶ 7-8.)

13.    On December 16, 2025, the Superior Court issued a Notice of Case Management Conference. A true and correct copy of the Notice of Case Management Conference is attached as **Exhibit 13**. (Propersi Decl., ¶ 14.)

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26

-2-

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

14.     On December 16, 2025, the Superior Court issued a Clerk's Certificate of Service by Electronic Service.  A true and correct copy of the Clerk's Certificate of Service by Electronic Service is attached as **Exhibit 14**. (*Id.* ¶ 15.)

15.     On December 22, 2025, service on Point B of the Complaint, Civil Case Cover Sheet, Summons, and Notice of Case Management Conference was completed, pursuant to California Civil Procedure Code sections 415.30 and 417.10, as a result of Point B's counsel timely executing and returning the Notice and Acknowledgment of Receipt previously provided to it by Plaintiff's counsel.  A true and correct copy of the completed Notice and Acknowledgement of Receipt is attached as **Exhibit 15**. (*Id.* ¶ 16.)

16.     On January 2, 2026, Defendant Beherndt filed an Answer to the Complaint.  A true and correct copy of the Answer is attached as **Exhibit 16**. (*Id.* ¶ 17.)

17.      Defendants DOES 1 through 100 are unnamed and unknown, and, to Defendant's knowledge, have not been served with Plaintiff's Complaint.

18.     The documents attached as Exhibits 1 through 16 constitute all process, pleadings, orders, and other documents served upon Point B in this action.  *See* 28 U.S.C. § 1446(a).

## II.     DIVERSITY JURISDICTION

### A.     Legal Authority for Removal

19.     This Court has original jurisdiction over this action because:  (1) the suit is between citizens of different states, and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a)(1).

20.     Pursuant to 28 U.S.C. §1441(a), a Defendant may remove any civil action brought in state court, over which the United States district courts have original jurisdiction, to the district court of the United States for the district and division embracing the place where the state court action is pending.

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26                                          -3-

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

**B.      There is Diversity of Citizenship**

21.      The citizenship of the two named defendants, Point B and Beherndt, is different from that of the Plaintiff.

22.      According to the Complaint, at all relevant times Plaintiff was "a resident of the County of Los Angeles, California." (Exh. 1, ¶ 1.)  Plaintiff was thus a citizen of California and was domiciled within this District at all relevant times.

23.      Point B, Inc. is a Corporation organized under the laws of Washington. (Thomas Decl., ¶¶ 4-5, 7.)  For purposes of diversity jurisdiction, a corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (emphasis removed) (citing 28 U.S.C. 1332(c)(1)).

24.      At the time the Complaint was filed, and at all times since, Point B, Inc. has been a Washington corporation whose principal place of business and headquarters are located in Seattle, Washington.  (Thomas Decl., ¶¶ 4-5, 7.)

25.      At the time the Complaint was filed, and at all times since, Beherndt has been a resident of King County, Washington. (Beherndt Decl., ¶¶ 3-4.)  Beherndt was thus a citizen of the state of Washington.

26.      The citizenship of the "Doe" defendants who have been sued under fictitious names is disregarded for purposes of removal.  28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–91 (9th Cir. 1998) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded for purposes of removal.").

27.      Plaintiff and Defendants are citizens of different states, and thus, complete diversity of citizenship exists in this action.  28 U.S.C. § 1332(a).

**C.      The Amount in Controversy Is Met**

28.      The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied.

29.      Under 28 U.S.C. § 1332(a), the amount in controversy in a case in which

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26                    -4-

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs.

30.    The amount in controversy is an estimate of the total amount in dispute. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). When the amount is not facially apparent from the Complaint, courts may consider facts in the removal notice. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The removal notice need not set forth evidentiary submissions; it is sufficient for the removal notice to allege plausibly the factual basis for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014).

31.    This burden is not onerous and does not obligate a removing defendant to "research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1204-05 (E.D. Cal. 2008). Rather, "[t]he 'ultimate inquiry' is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe." *Id.* (quoting *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005)).

32.    Point B denies the validity and merits of each of the causes of action alleged in Plaintiff's Complaint, the legal theories upon which they are purportedly based, and the claims for monetary and other relief that flow from them. Nevertheless, Plaintiff's allegations plainly demonstrate that she is seeking well in excess of the jurisdictional threshold.

33.    *First,* Plaintiff alleges that she has suffered economic damages, including "lost past and future income and employment benefits, damage to her career, and lost wages, overtime, unpaid expenses, and penalties, as well as interest on unpaid wages at the legal rate from and after each payday on which those wages should have been paid." (Exh. 1, at ¶ 17). Using Plaintiff's yearly salary as a measure for calculating potential damages for this Removal is warranted because, as alleged, the Complaint suggests she is not currently employed and will seek the salary she would have received if not for the termination of her employment. *Wysinger v. Auto. Club of S.*

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26

-5-

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

*Cal.*, 157 Cal. App. 4th 413 (2007) ("Under FEHA, an employee . . . may be compensated for a future loss of earnings."); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018) (ruling in FEHA case that the salary the plaintiff would have earned if not for the termination of her employment was properly included in the amount in controversy).

34.   At the time of termination of Plaintiff's employment, Plaintiff was earning a yearly salary of $255,000, exclusive of bonuses or other incentives. (Hibler Decl., ¶ 5.) Had Plaintiff remained employed with Point B through October 2025 when she filed the Complaint, she would have earned an additional one year and two months of her salary, exclusive of bonuses or other incentives, for a total of approximately $300,000. (*See Id.*) Thus, the back pay Plaintiff seeks alone far exceeds the jurisdictional threshold of this Court.

35.   This is a reasonable calculation of the minimum amount in controversy, based on the allegations in Plaintiff's Complaint, and this calculation significantly exceeds the $75,000 statutory threshold. 28 U.S.C. § 1332.

36.   *Second*, Plaintiff alleges that she "suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish." (Exh. 1, at ¶ 18). Point B disputes that Plaintiff is entitled to any of the emotional distress damages or punitive damages she alleges. (*Id.*) But, the Court can consider these allegations in analyzing the amount in controversy. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding district court properly considered potential emotional distress damages in assessing amount in controversy); *Cuevas v. Lowes Home Ctrs., LLC*, No. CV 20-2755 PSG (KSx), 2020 WL 6439174, *5 (C.D. Cal. Aug. 05, 2020) ("Courts may consider emotional distress damage when analyzing the amount in controversy.").

37.   Emotional distress damages in discrimination cases can vary greatly. At least one Central District Court has opined that "it is reasonable to apply a 1:1 ratio to emotional distress and economic damages" for purposes of analyzing the amount

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26                    -6-                    NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

in controversy. *Garfias v. Team Indus. Servs.*, 2017 U.S. Dist. LEXIS 167370, *12 (C.D. Cal. 2017) (comment made in ruling denying motion to remand in case alleging claims sounding in FEHA discrimination and retaliation). Applying a 1:1 ratio here, based on the estimated damages set forth above corresponding with Plaintiff's yearly salary of $255,000 before her resignation at Point B, that alone establishes an amount in controversy in excess of $75,000.00.

38. With regard to Plaintiff's seeking of punitive damages, a ratio based upon the amount of compensatory damages at issue is a familiar measure. *Garfias*, 2017 U.S. Dist. Lexis 167370, *13. A 1:1 ratio in this context is considered conservative. *Bayol v. Zipcar, Inc.*, 2015 U.S. Dist. LEXIS 109027, *24 (N.D. Cal. 2015) ("A ratio of 1:1 between punitive and economic damages has been described as 'conservative' for purposes of calculating the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (affirming district court denial of motion to remand where district court "conservatively estimated" punitive damages at a 1:1 ratio of economic damages); *see also Fonseca v. Vigo Importing Co.*, 2016 U.S. Dist. LEXIS 148457, *4 (N.D. Cal. 2016) ("In assessing the potential amount of punitive damages, courts have used a ratio of 1:1 between punitive and economic damages for the purposes of estimating the amount in controversy."). Applying the "conservative" ratio of 1:1 to Plaintiff's anticipated economic damages at stake again surpasses $75,000 in controversy on this basis alone.

39. *Third*, Plaintiff seeks recovery of attorneys' fees, which FEHA allows. (*See, e.g.*, Exh. 1, Prayer ¶ 4). Plaintiff's seeking of attorneys' fees—even if only calculated as of the time of removal—puts even more into the amount in controversy. *See, e.g.*, *Muniz v. United Parcel Service, Inc.*, 738 F.3d 214, 218, (9th Cir. 2013) (finding no abuse of discretion where the trial court awarded $697,971.80 in Plaintiff attorney's fees on a FEHA case where the jury awarded $27,280 in damages to plaintiff).

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26

-7-

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

40. Thus, a reasonable calculation of the total amount in controversy, on the basis of the allegations in Plaintiff's Complaint, is well in excess of the $75,000.00 statutory threshold.

41. Accordingly, this case is removable by Point B under 28 U.S.C. § 1332 because all requirements for federal diversity jurisdiction are satisfied.

## III. REMOVAL IS TIMELY

42. Point B filed this removal within 30 days of being served with the Summons and a pleading in the State Court Action, as required by 28 U.S.C. § 1446(b). Service of the summons and Complaint on Point B was completed on December 22, 2025, Exh. 15, and this is the first time Point B received a summons or Complaint in the State Court Action. This Notice of Removal is being filed within 30 days of service of the Summons and Complaint based on the Notice and Acknowledgement of Receipt and is therefore timely. 28 U.S.C. § 1446(b).

43. Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Where a later-served defendant files a notice of removal, the earlier-served defendant "may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C). Beherndt was served before Point B and did not initiate the removal. Beherndt consents to the removal.[1] (Beherndt Decl., ¶ 5.)

44. Point B is informed and believes, and on that basis alleges, that no "Doe" defendants have been served with a summons or the Complaint in the State Court Action. (Propersi Decl., ¶ 18.) Point B may thus remove this action to federal court pursuant to 28 U.S.C. § 1441. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (noting that the rule requiring that all defendants join in removal applies "only to defendants properly joined and served" and that "a party not served

---

[1] *See also*, Beherndt's concurrently filed Consent and Notice of Joinder and Joinder to Defendant Point B, Inc.'s Notice of Removal.

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26

-8-

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

need not be joined").

45.    A copy of the Notice of Removal will be served on Plaintiff and filed with the Superior Court.

## IV.    REMOVAL VENUE IS PROPER

46.    Plaintiff originally filed this action in the Superior Court of California, County of Los Angeles. Venue for this removal is proper in this district because it encompasses the county in which this action is pending.  28 U.S.C. § 1441(a).

## V.    NO WAIVER OF DEFENSES

47.    By filing this Notice of Removal, Point B does not waive, and expressly reserves its right to raise, any procedural and/or substantive defenses, including, but not limited to, Plaintiff's obligation to arbitrate the claims in the Complaint.

## VI.    NOTICE OF REMOVAL TO STATE COURT

48.    Promptly after filing this Notice of Removal, Defendant will file a Notice of Removal of Action to Federal Court with the Clerk of the Superior Court of the State of California for the County of Los Angeles, notifying it of its removal of the Action to this Court.  A true and correct copy of the state court notice is attached to this Notice of Removal as **Exhibit 17**.  (Propersi Decl., ¶ 18.)

## VII.    CONCLUSION

49.    Because all requirements for federal diversity jurisdiction are satisfied, this case is removable by Point B under 28 U.S.C. § 1332.

50.    Based on the foregoing, Point B removes the State Court Action to federal court.

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26

-9-

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

Dated:  January 21, 2026

RUTAN & TUCKER, LLP
MARIA Z. STEARNS
KENNETH J. ZIELINSKI
EMILY P. PROPERSI


By: */s/ Kenneth J. Zielinski*

Kenneth J. Zielinski
Attorneys for Defendants
POINT B, INC. and JOEL
BEHERNDT

Rutan & Tucker, LLP
attorneys at law

3028/038637-0008
23234474.2 a01/20/26

-10-

NOTICE OF REMOVAL OF CIVIL ACTION
BY DEFENDANT POINT B, INC.

**CERTIFICATE OF SERVICE**

*Afifa Amouri-Nouaili v. Point B, Inc., et al.*

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I, Vicky La, declare:

I am employed by the law office of Rutan & Tucker, LLP in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 18575 Jamboree Road, 9th Floor, Irvine, California 92612

On January 21, 2026, I caused to be served the document(s) described as:

**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT POINT B, INC. UNDER 28 U.S.C. §§ 1332, 1441 (a)-(b), AND 1446**

on the interested parties in said action as stated on the attached mailing list.

| | |
|---|---|
| ☐ | BY CM/ECF ELECTRONIC DELIVERY:  In accordance with the registered case participants and in accordance with the procedures set forth at the Court's website. |
| ☐ | BY PERSONAL DELIVERY:  I caused such envelope(s) to be delivered by hand this date to the offices of the addressee(s). |
| ☐ | BY MAIL:  In the course of my employment with Rutan & Tucker, LLP, I have, through first-hand personal observation, become readily familiar with Rutan & Tucker, LLP's practice of collection and processing correspondence for mailing with the United States Postal Service.  Under that practice I deposited such envelope(s) in an out-box for collection by other personnel of Rutan & Tucker, LLP, and for ultimate posting and placement with the U.S. Postal Service on that same day in the ordinary course of business.  If the customary business practices of Rutan & Tucker, LLP with regard to collection and processing of correspondence and mailing were followed, and I am confident that they were, such envelope(s) were posted and placed in the United States mail at Irvine, CA, that same date.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| ☐ | BY ☐ OVERNIGHT EXPRESS OR ☐ FEDERAL EXPRESS DELIVERY:  I deposited in a box or other facility regularly maintained by ☐ OVERNIGHT EXPRESS OR ☐ FEDERAL EXPRESS, an express service carrier, or delivering to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document in sealed envelopes or packages designated by the express |

| | |
|---|---|
| | service carrier, addressed as stated below, with fees for overnight delivery provided for or paid. |
| ☒ | E-MAIL:  I transmitted a true copy of the foregoing document(s) to the e-mail addresses set forth as stated on the attached service list. |
| ☒ | I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made and that the foregoing is true and correct. |

Executed on January 21, 2026, at Irvine, California.

Vicky La                                      /s/ Vicky La

(Type or print name)                   (Signature)

## SERVICE LIST

*Afifa Amouri-Nouaili v. Point B, Inc., et al.*

**VIA EMAIL**
Sogol Gharaei
Bryan Kirsh
SHEGERIAN & ASSOCIATES, INC.
320 N Larchmont Boulevard
Los Angeles, California 90004
Tel.: (310) 860 0770
Fax: (310) 860 0771

Emails:
sgharaei@shegerianlaw.com;
bkirsh@shegerianlaw.com

cc:
calendarclerk@shegerianlaw.com;
pcalvillo@shegerianlaw.com;
mrodriguez@shegerianlaw.com;
bkirsh@shegerianlaw.com;
Sgharaei@shegerianlaw.com

***Attorneys for Plaintiff***
***AFIFA AMOURI-NOUAILI***